UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JATINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-0023 WBS AC<br><br><br><br>ORDER |

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because petitioner may be entitled to the requested relief if the claimed violations are proved, respondent will be served with the § 2241 petition and directed to show cause why the writ should not be granted by filing an answer/return. See 28 U.S.C. § 2243.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent is directed to file an answer/return within 14 days from the date of this order. Respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application.

2. Respondent shall immediately request and obtain petitioner's complete A-file.

3. Petitioner's reply/traverse, if any, is due within 7 days after being served a copy of respondent's answer/return.

1

4. The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

5. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, respondent shall not transfer petitioner outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action").

DATED: January 7, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE