UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JATINDER SINGH,

             Petitioner,

    v.

WARDEN OF THE GOLDEN STATE ANNEX
DETENTION FACILITY, et al.,

          Respondents.

No. 1:26-cv-0023 WBS AC

ORDER DENYING PETITIONER'S
MOTION FOR TEMPORARY
RESTRAINING ORDER

----oo0oo----

        Petitioner Jatinder Singh, an Indian national, entered the United States unlawfully in 2022 and has been in immigration detention since May 26, 2025.  (Docket Nos. 1 at 6; 27 at 1.) Petitioner filed the instant motion for a temporary restraining order pro se on April 6, 2026, alleging that he has been subjected to prolonged detention in violation of the Due Process Clause, and requesting immediate release.  (Docket No. 21.)

        Petitioner's counsel then filed a supplement, which "narrowed and regularized" petitioner's requested relief to an

1

order requiring an individualized custody determination through a bond hearing.  (Docket No. 27 at 6.)  However, the Supreme Court made it clear over 60 years ago that, in habeas cases, federal courts have the power to "release" the petitioner and "no other power."  <u>Fay v. Noia</u>, 372 U.S. 391, 430 (1963).  Unsurprisingly, numerous district courts within this circuit have observed the same.  <u>See</u>, <u>e.g.</u>, <u>Ellawendy v. Monterey Cnty. Superior Ct.</u>, No. 20-cv-02708 BLF (PR), 2020 WL 5407989, at *2 (N.D. Cal. Sept. 8, 2020) ("[A] habeas court only has the power to release a prisoner. It has no other power." (quotations omitted)); <u>Gilroy v. Hawaii</u>, No. 20-cv-00037 JMS RT, 2020 WL 622778, at *3 (D. Haw. Feb. 10, 2020) ("The Supreme Court has held that under the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement." (quotations omitted)).

Thus, all that remains of petitioner's claim is his request that he be released pending hearing on his removal to India.  On that claim, petitioner argues that his ongoing detention, which has spanned approximately ten months, violates the Due Process Clause because it has no definite termination point.  (<u>See</u> Docket No. 21 at 2-3.)

To determine if a petitioner's detention appears to be indefinite, courts consider whether:  "(1) the petitioner's immigration proceedings have been infected with bad faith or undue delay by the agency; (2) the petitioner's detention is directly associated with a judicial review process that has a definite and evidently impending termination point, and is thus akin to detention during the administrative review process that was upheld by the Supreme Court; and (3) there is evidence that

2

the petitioner is unremovable because the destination country will not accept him or his removal is barred by our own laws." Uulu v. Warden, --- F. Supp. 3d ----, 2026 WL 412204, at *7 (E.D. Cal. Feb. 13, 2026) (citation modified).

Petitioner has not provided any evidence that his "immigration proceedings have been infected with bad faith or undue delay." Id. at *7. He was detained by immigration authorities on May 26, 2025, and immediately placed into removal proceedings pending adjudication of his asylum claim. (Docket No. 21 at 2.) At oral argument, the parties agreed that petitioner would receive his final asylum hearing in approximately 2-3 weeks. Petitioner's immigration proceedings are thus well underway; the court cannot conclude that they have been unduly delayed. See Uulu, 2026 WL 412204, at *7. Petitioner does not allege that his immigration proceedings have been infected with bad faith. See Uulu, 2026 WL 412204, at *7.

Moreover, petitioner's counsel conceded at oral argument that immediately releasing petitioner would be counterproductive because immigration officials prioritize the asylum hearings for individuals who are currently detained. If petitioner were to be released, his hearing would be re-scheduled to a date well into the future.[1]

For the above reasons, petitioner has failed to demonstrate a likelihood of success on the merits of his due process claim. See Winter v. Nat. Res. Def. Council, Inc., 555

---

[1] At oral argument, counsel for respondents represented that, if petitioner were to be immediately released, his asylum hearing would likely be postponed for between two and three years. Counsel for petitioner appeared to agree.

U.S. 7, 20 (2008).  That being the case, the court need not consider the other factors for issuing a temporary restraining order.  California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 21) be, and the same hereby is, DENIED.

Dated:  April 15, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE