# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JATINDER SINGH,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-00023-JLT-SAB-HC<br>FINDINGS AND RECOMMENDATION TO GRANT FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br>(ECF No. 17) |

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner was born in India. (ECF No. 17-1 at 1.[1]) According to a Form I-213 submitted by Respondents, Petitioner was encountered by a Border Patrol agent in May 2022 near San Luis, Arizona, Petitioner expressed a fear of return, and Petitioner was served with a warrant of arrest and notice to appear and placed in removal proceedings. (ECF No. 8-1 at 2, 3.) Petitioner was subsequently released and lived in the community in the United States for an extended period and complied with U.S. Immigration and Customs Enforcement ("ICE") reporting/check-in requirements. (ECF No. 17-1 at 1.)

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner states that he affirmatively filed a timely asylum application with U.S. Citizenship and Immigration Services ("USCIS") in 2022, completed biometrics, obtained employment authorization, and worked and paid taxes. (ECF No. 17-1 at 1; ECF No. 17-3 at 1.) Petitioner has no criminal history in the United States. (ECF No. 8-1 at 2; ECF No. 17-1.)

Petitioner states that ICE instructed him to report and then detained him when he complied with that direction. Petitioner has been detained since May 26, 2025. (ECF No. 17-1 at 1.)

On June 5, 2025, the Department of Homeland Security ("DHS") issued a notice and order of expedited removal. (ECF No. 8-2 at 4.) On July 15, 2025, Petitioner had a credible fear interview and an asylum officer determined that Petitioner had a credible fear. (ECF No. 8-2 at 6–10.) That same day, a notice to appear was issued, and Petitioner was placed in removal proceedings under Immigration and Nationality Act ("INA") section 240. (ECF No. 8-2 at 1.)

Petitioner requested a custody redetermination, and on December 29, 2025, an immigration judge ("IJ") denied the request, finding that Petitioner is detained under 8 U.S.C. § 1225(b) and is ineligible for any subsequent release on bond under § 1226(a), citing to Matter of Q. Li, 29 I&N Dec. 66 (BIA 2025). (ECF No. 8-5 at 3.)

On January 5, 2026, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus. (ECF No. 1.) On January 23, 2026, Respondents filed an answer. (ECF No. 8.) On February 9, 2026, the Court appointed counsel for Petitioner. (ECF No. 11.) On February 25, 2026, the Court granted Petitioner's motion to amend and Petitioner filed a first amended petition ("FAP"). (ECF Nos. 17, 18.) On March 6, 2026, Respondents filed an answer to the FAP, and Petitioner filed a traverse on March 10, 2026. (ECF Nos. 19, 20.) On April 6, 2026, Petitioner filed a motion for temporary restraining order ("TRO"). (ECF No. 21.) On April 15, 2026, the Court denied the motion for TRO. (ECF No. 29.)

On April 27, 2026, an IJ ordered Petitioner removed. Petitioner filed an appeal on May 19, 2026, Petitioner filed his brief on October 13, 2026, no DHS brief was received, and the appeal is pending. (ECF No. 30 at 3; see Executive Office of Immigration Review, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 16, 2026).)

On July 16, 2026, Petitioner filed a supplement to the FAP. (ECF No. 30.) On July 28, 2026, Respondents filed a response to the supplement and Petitioner filed a reply. (ECF Nos. 32, 33.) On September 30, 2026, Petitioner filed another motion for TRO. (ECF No. 35.) On October 2, 2026, the Court denied the motion for TRO as untimely. (ECF No. 37.)

## II.

## DISCUSSION

### A. Statutory Authority of Petitioner's Detention

In Count One of the FAP, Petitioner asserts his detention violates the INA because he is being subjected to mandatory detention under 8 U.S.C. § 1225(b) rather than discretionary detention under § 1226(a). (ECF No. 17 at 8.) Respondents appear to argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii) because after Petitioner was previously released from immigration custody and re-detained, he was placed in expedited removal proceedings, was given an interview with an asylum officer who determined he had a credible fear, and then was placed in regular removal proceedings. (ECF No. 8 at 2.)

"This Court has rejected such an argument on numerous occasions." Barrantes Montiel v. Warden, California City Immigr. Processing Ctr., No. 1:26-CV-07175-JLT-FJS, 2026 WL 2766971, at *2 (E.D. Cal. Sept. 17, 2026) (rejecting Respondents' argument "that, despite being paroled into the United States in 2023, Petitioner was never admitted into the United States and thus is an 'applicant for admission' under § 1225(a)(1) and is therefore subject to mandatory detention under 8 USC § 1225(b)(1)(B)(ii)" and collecting cases). Moreover, the Ninth Circuit has held that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226[.]" Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Accordingly, the Court recommends finding that Petitioner is subject to discretionary detention under § 1226(a) and entitled to habeas relief on Count One of the FAP.

### B. Petitioner's Re-Detention

In Count Five of the FAP, Petitioner asserts that revocation of his release without adequate process violated due process. (ECF No. 17 at 10–11.) Respondents do not address Petitioner's due process claim with respect to his re-detention. (See ECF Nos. 8, 19, 32.) In

numerous previous decisions, this Court has found that a petitioner's re-detention without a pre-deprivation hearing after having previously been released from immigration detention violated due process. See, e.g., Garcia v. Chestnut, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); Aguilera v. Albarran, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); M.R.R. v. Chestnut, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); J.S.H.M v. Wofford, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808 (E.D. Cal. Oct. 16, 2025); Ortiz Donis v. Chestnut, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends finding that Petitioner is entitled to relief on Count Five of the FAP. Further, as Petitioner has no criminal history and Respondents fail to demonstrate any circumstances that would warrant a finding that Petitioner is a flight risk or a danger to the community, the Court recommends granting immediate release. See Ortiz Donis, 2025 WL 2879514, at *15 (ordering petitioner's immediate release because "the government has no evidence that [petitioner] poses a risk of flight or poses a danger to the community"); Garcia, 2025 WL 3771348, at *12 (same).[2]

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The first amended petition for writ of habeas corpus (ECF No. 17) be GRANTED on Counts One and Five; and
2. Respondents be directed to immediately release Petitioner.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

---

[2] In light of this conclusion, the Court declines to address the FAP's other claims and the prolonged detention claim in the supplement to the FAP.

**FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge